THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No: 09-54155 |
| | ) | |
| **Thomas Jay Gogel** | ) | |
| **Tracy Ann Gogel,** | ) | Chapter 7 |
| | ) | |
| Debtors. | ) | Chief Judge Marilyn Shea-Stonum |

**Motion of the United States Trustee to Dismiss for Abuse
Pursuant to 11 U.S.C. § 707(b)(1), (b)(2), & (b)(3)**

The United States Trustee for Region 9, Daniel M. McDermott, moves this Court for an order dismissing this case pursuant to 11 U.S.C. § 707(b)(1), (b)(2) and (b)(3). The basis for this motion is that Debtors admit the presumption of abuse arises and has not been rebutted, and the Debtors have the ability to repay their unsecured creditors. In support, the United States Trustee states:

**Standing**

The Court has jurisdiction over this matter under 28 U.S.C. § 1334(a) and (b); 28 U.S.C. § 157(a) and (b)(1); and 28 U.S.C. § 151. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (B). The United States Trustee has standing to file this motion pursuant to 11 U.S.C. § 307, 11 U. S. C. § 707(b) and 28 U.S.C. § 586(a)(5).

**Procedural Background**

On September 15, 2009, Thomas Jay Gogel and Tracy Ann Gogel (the "Debtors") filed a voluntary petition for relief under chapter 13. On April 27, 2010, Debtors filed a notice converting their case to chapter 7. The cover sheet of Debtors' petition identifies the nature of the debts as "primarily consumer debts." The first meeting of creditors was held and concluded

1

on June 22, 2010.  The United States Trustee filed the <u>United States Trustee's Statement of No Determination of Presumed Abuse</u> on July 2, 2010.  On August 2, 2010, the United States Trustee filed a <u>Supplemental Statement of Presumed Abuse</u> along with the instant motion to dismiss.

## Relevant Factual Background

Mr. Gogel works as an Account Manager for Newell Rubbermaid, where he has worked for 11 years.  **Schedule I.**  From his employment, Debtor lists gross monthly income in the amount of $5,664. **Id.**  Accordingly, he lists gross annual income of approximately $68,000.  Ms. Gogel works as a Teacher for Warren City Schools, where she has worked for 3 years.  **Schedule I.**  From her employment, she lists gross monthly income in the amount of $4,151.33.  **Id.**  Accordingly, she lists gross annual income of approximately $50,000 and Debtors combined gross annual income is listed at approximately $118,000.  Debtors are married and list three dependents.  **Id.**  Debtors list no priority unsecured debt and general unsecured debt in the amount of $64,589.77.  **Schedules E and F.**

## Legal Authority

*Dismissal under 11 U.S.C. § 707(b)(2)*

The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA") provides for the dismissal of a chapter 7 proceeding where there is a presumption of abuse.  Specifically 11 U. S. C. § 707(b) provides:

> (1) After notice and a hearing, the court, on its own motion or on a motion by the United States trustee..., may dismiss a case filed by an individual debtor under this chapter whose debts are primarily consumer debts, or, with the debtor's consent, convert such a case to a case under chapter 11 or 13 of this title if it finds that the granting of relief would be an abuse of the provisions of this chapter...
>
> (2)(A)(I) In considering under paragraph (1) whether the granting of relief would be an abuse of the provisions of this chapter, the court shall presume abuse exists

if the debtor's current monthly income reduced by the amounts determined under clauses (ii), (iii), and (iv), and multiplied by 60 is not less than the lesser of

    (I)    25 percent of the debtor's nonpriority unsecured claims in the case, or $6,575, whichever is greater; or

    ( II)    $10,950.

The standard and actual expenses which a debtor may claim are codified in § 707(b)(2)(A)(ii), (iii) and (iv). Taking into account the adjusted dollar amounts applicable in cases filed on or after April 1, 2007, if after deducting all allowable expenses from a debtor's current monthly income, the debtor has less than $109.58 per month in monthly net income (*i.e.,* less than $6,575 to fund a 60 month chapter 13 plan), the filing is not presumed abusive. If the debtor has monthly disposable income of more than $182.50 or $10,950 to fund a 60 month chapter 13 plan, the filing is presumed abusive. Finally, if the debtor has between $109.58 and $182.50, the case will be presumed abusive if that sum, when multiplied by 60 months, will pay 25 percent or more of the debtor's non-priority unsecured debts.

If the presumption of abuse arises, it can only be rebutted by special circumstances, such as a serious medical condition or a call or order to active duty in the armed forces. 11 U.S.C. § 707(b)(2)(B)(I). <u>Eisen v. Thompson</u>, 370 B.R. 362 (N.D. Ohio 2007).

***Dismissal under 11 U.S.C. § 707(b)(3)***

If the Court determines the presumption of abuse does not arise or is rebutted, the United States Trustee asserts that this case is an abuse under the totality of the circumstances and it should be dismissed under 11 U.S.C. § 707(b)(3). Specifically, § 707(b)(3) provides in pertinent part:

    (3) In considering under paragraph (1) whether the granting of relief would be an abuse of the provisions of this chapter in a case in which the presumption in subparagraph (A)(I) does not arise or is rebutted, the court shall consider -

3

> (B) [whether] the totality of the circumstances . . . of the debtor's financial situation demonstrates abuse.

BAPCPA modified the standard for determining if a case should be dismissed from substantial abuse to the more lenient abuse standard. Prior to BAPCPA, courts looked to totality of the circumstances to determine whether to dismiss a case for substantial abuse under § 707(b). In interpreting BAPCPA, case law prior to the enactment of BAPCPA is helpful in determining abuse under § 707(b). In re Mestemaker, 359 B.R. 849 (Bank. N.D. Ohio 2007).

Prior to the enactment of BAPCPA, the Sixth Circuit held that "Substantial abuse can be predicated upon either lack of honesty or want of need." Behlke v. Eisen (In re Behlke), 358 F. 3d 429 (6th Cir. 2004); In re Krohn, 886 F.2d 123, 126 (6th Cir. 1989). Factors relevant in determining "want of need" include, but are not limited to, the ability to repay creditors out of future earnings, whether the debtor enjoys a stable source of income and whether the debtor is eligible for chapter 13 relief. In re Behlke, supra; In re Krohn, supra.

## Application of § 707(b) to Debtor's Case

*Means Test Review*

The United States Trustee asserts that the presumption of abuse arises in this case and has not been rebutted. On line 33, Debtors list court-ordered payments of $38,626 per month, but Debtors have produced no documentation of this large monthly expense during the CMI period. Accordingly, the United States Trustee asserts that the presumption of abuse arises in this case and the Court should dismiss the Debtors' case on that basis alone.

*Totality of Circumstances Review*

To the extent this Court is not inclined to agree that the presumption of abuse arises in this case and has not been rebutted, this case should be dismissed under § 707(b)(3). The totality

4

of the Debtors' financial situation demonstrates abuse due to the Debtors' ability to repay their unsecured debt. The Debtors report total current expenditures in the amount of $4,878, resulting in monthly net income of $3,353.38. *Schedule J.* This amount, when calculated over sixty months produces over $200,000 and is sufficient to pay Debtors' unsecured debt in full three times. As a result, Debtors have the ability to repay their unsecured creditors and this case is should be dismissed as an abuse.

**WHEREFORE,** the United States Trustee respectfully requests this Court to enter an order pursuant to 11 U.S.C. § 707(b)(1) dismissing Debtors' case and granting such further relief as may be appropriate.

>
> Respectfully Submitted,
>
> Daniel M. McDermott
> United States Trustee
> Region 9
>
> by: *Ronna G. Jackson*
> Ronna G. Jackson (#0080432)
> U.S. Department of Justice
> Office of the U.S. Trustee
> H.M. Metzenbaum U.S. Courthouse
> 201 E. Superior Ave., Ste. 441
> Cleveland, Ohio 44114-1240
> (216) 522-7800, ext. 253
> (216) 522-7193 facsimile
> Ronna.G.Jackson@usdoj.gov

## Certificate of Service

I certify that on or about August 2, 2010, a copy of the foregoing was served on the following parties as indicated below:

Thomas Jay Gogel
Tracy Ann Gogel
3179 Saunders
Cuyahoga Falls, OH 44221

- **Robert M. Whittington, Jr.,** attorney for debtor, via ECF Service
- **Marc Gertz**, chapter 7 trustee, via ECF Service

*/s/ Ronna G. Jackson*
Ronna G. Jackson